## UNITED STATE DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| STEPHANIE PIAZZA-NIEVES, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. |
| WAL-MART STORES EAST, LP, | ) |
| Defendant. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant WAL-MART STORES EAST, LP ("Walmart" or "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal giving notice of the removal of this action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.  In support of this Notice of Removal, Defendant states as follows:

### I.   PROCEDURAL HISTORY

1.     On or about June 3, 2020, Plaintiff Stephanie Piazza-Nieves ("Plaintiff"), filed a Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, entitled *Stephanie Piazza-Nieves v. Wal-Mart Stores East, LP*, designated Case No. 2020-CA-1475-OC (the "State Court Action"), wherein she alleges while working at Walmart she was discriminated against and harassed on the basis of her sex and pregnancy. Plaintiff's Complaint ("Compl."), ¶¶ 25, 29. She also claims she was unlawfully terminated for complying with a witness subpoena. Compl. ¶¶ 35-38.

2. On June 10, 2020, Walmart was served with a Summons and Complaint through its registered agent. A copy of the Summons and Complaint reflecting service, as well as true and legible copies of all other papers on file in the State Court Action are attached hereto as **Exhibit "A."** Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) within thirty-days (30) from the date on which the Summons and Complaint were served. The judge presiding over the State Court Action has not entered any orders, and there are no pending motions.

3. The District and Division embracing the place where the State Court Action is pending is the United States District Court for the Middle District of Florida, Orlando Division. *See* 28 U.S.C. §§ 89(b), 1441(a).

4. This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## II.     DIVERSITY OF CITIZENSHIP

5. To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as the defendant. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citations omitted).

6. In the Complaint, Plaintiff indicates she resides in Florida. Compl. ¶ 3. Thus, Plaintiff is a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

7. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been **incorporated** <u>and</u> of the State . . . where it

has its **principal place of business** . . . ." 28 U.S.C. § 1332(c)(1) (emphasis added).

8. Wal-Mart Stores East, LP, the corporate entity that operates the Walmart store where Plaintiff was employed, is a Delaware limited partnership, not a corporation. For purposes of diversity, the citizenship of a partnership is determined by the citizenship of all of its partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The partners of Wal-Mart Stores East, LP are WSE Management, LLC and WSE Investment, LLC, both of which are limited liability companies. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of all the members composing the entity. *See Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, which also is a limited liability company. The sole member of Wal-Mart Stores East, LLC is Walmart Inc., a public corporation (formerly Wal-Mart Stores, Inc. prior to March 1, 2018).

9. Walmart Inc. is incorporated under the laws of the State of Delaware, and, therefore, is a citizen of Delaware for purposes of diversity.

10. To determine a corporation's "principal place of business," the Supreme Court has held courts should apply the "nerve center" test. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under that test, a corporation's principal place of business is the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *See id*. A corporation's principal place of business normally is the state in which it maintains its main headquarters. *See id.*

11. Walmart Inc.'s officers direct, control, and coordinate the corporation's

3

activities in Arkansas, and that is where the corporation maintains its headquarters. Thus, Walmart Inc. has its principal place of business in Arkansas, and, accordingly, it is a citizen of Arkansas for purposes of diversity.

12. In summary, Walmart Inc. – and by extension Wal-Mart Stores East, LP – is a citizen of Delaware and Arkansas pursuant to § 1332(c)(1).

13. Accordingly, for the purposes of 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists between Plaintiff (a citizen of Florida) and Defendant (a citizen of Delaware and Arkansas) at the time of filing this Notice of Removal.

### III. AMOUNT IN CONTROVERSY

14. Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000, exclusive of interest and costs."

15. Plaintiff's Complaint alleges damages exceeding $30,000.00. Compl. ¶ 1. Where, as here, the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). The Supreme Court has held that a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not submit evidence in support thereof. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

16. In assessing the amount in controversy, the Court considers the value of the plaintiff's claims by estimating the amounts that "will be put at issue during the litigation," regardless of the plaintiff's likelihood of success. *See S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744,

751 (11th Cir. 2010); *Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (finding the "appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint").

17. A plain reading of Plaintiff's Complaint – together with the jurisdictional allegations herein – demonstrates the amount in controversy exceeds the sum of $75,000.00, and thus, meets the jurisdictional amount required for removal based on diversity. *See* 28 U.S.C. § 1332(a). In summary, Plaintiff alleges Walmart discriminated against and allowed her to be harassed on the basis of her sex and pregnancy, and ultimately terminated her for complying with a subpoena. Based on those alleged facts, Plaintiff is seeking "compensation for lost wages, benefits, and other remuneration," "front pay," "back pay plus interest, pension rights, and all benefits; any other compensatory damages, including emotional distress, allowable at law; punitive damages; prejudgment interest on all monetary recovery obtained; all costs and attorney's fees" Compl. "WHEREFORE" paragraphs. Compensatory damages, lost wages, punitive damages, and attorneys' fees are all recoverable pursuant to § 760.11(5), Florida Statutes.

**LOST WAGES**

18. As to lost wages, back pay should be calculated from the time of the adverse employment action through the date of trial. *E.g., Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-cv-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sept. 2, 2015) (back-pay damages calculated through proposed date of trial); *Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849-T-

5

30-30TGW, 2011 WL 398042, *2 (M.D. Fla. Feb. 4, 2011) ("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Morgan v. Sears, Roebuck & Co.*, No. 12-60055-CIV, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012) (calculating back pack from time of termination through expected trial date, noting that the court may use its "judicial experience and common sense" in making that determination); see *Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *2 (S.D. Fla. Apr. 17, 2012) (calculating back pay through the "first possible trial date" approximately ten months after removal); *Messina v. Chanel, Inc.*, No. 10-24518-CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (including back pay through estimated time of trial eighteen months in the future). Indeed, the Eleventh Circuit has approved calculating back pay through the estimated time of trial for purposes of the amount in controversy. *See Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (calculating back pay from termination through estimated trial date of twenty-four months after complaint was filed, along with front pay of one year), *aff'd Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. Appx. 914, 917 (11th Cir. 2016).

19. At the time of her termination about September 2, 2018 (Compl., ¶ 38), Plaintiff earned $15.61 per hour, and in the 8 weeks of her employment she worked an average of 28.4 hours per week ($443.32 per week). As of the date of this removal, it has been approximately 100 weeks since Plaintiff's employment ended. Accordingly, Plaintiff's back pay to date is approximately $44,332.40. Adding an additional year of back pay to account for the expected time between now and trial (152 weeks total), Plaintiff could recover approximately $67,384.64 in total back pay.

20. Front pay, to be sure, further augments the amount of lost wages in this action. *See Brown v. Cunningham Lindsey U.S., Inc.*, 2005 WL 1126670, at *4-5 (M.D. Fla. May 11, 2005) (crediting back pay from the time of plaintiff's termination through the estimated time of trial, and crediting one year of front pay as a conservative measure of potential future lost wages). Here, one year of front pay would add another $23,052.64 to the amount in controversy.

**COMPENSATORY DAMAGES**

21. Additionally, district courts routinely include compensatory damages in the form of pain and suffering, such as Plaintiff claims in this case, in the jurisdictional amount. *See Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (including unspecified amount of compensatory damages for "physical and mental pain, physical handicap, impairment of working ability, injuries permanent or continuing in nature, and medical expenses"); *Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 07-80637-CIV, 2007 WL 2774250, at *1 (S.D. Fla. Sept. 24, 2007) (finding complaint "clearly established" amount in controversy based, in part, on general allegations of pain, mental anguish, scarring, disfigurement, loss of enjoyment of life, medical expenses, etc.). For instance, Judge Moody of the Middle District included emotional distress damages in the range of $5,000-$30,000 under the FCRA for purposes of calculating the amount in controversy, when the complaint merely alleged emotional distress in the nature of "that which would have been experienced by most individuals suddenly terminated from their jobs for unsavory reasons." *Wineberger*, 2015 WL 225760 at *4, *aff'd by Wineberger*, 672 F. Appx. at 917. Indeed, the Eleventh Circuit has held objective medical testimony is not

necessary to support an award of emotional distress damages under FCRA, and plaintiff's lay testimony concerning the emotional impact of illegal termination was itself sufficient to support such award. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-49 (11th Cir. 2000) (affirming jury award of $150,000 for emotional distress caused by illegal termination under FCRA).

22. Courts may also consider jury verdicts rendered in matters raising similar claims and injuries. *See, e.g., Payne v. J.B. Hunt Transp., Inc.,* 154 F. Supp. 3d 1310, 1314 (M.D. Fla. 2016) (reviewing evidence of settlements and jury verdicts together with the allegations of plaintiff's complaint to conclude that "it [was] more likely than not that the amount in controversy exceeds $75,000."); *Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. LEXIS 20746, at *4-7 (M.D. Fla. Mar. 23, 2007) (considering information from defendant based upon defendant's review of published jury verdicts and damages awards involving claims similar to plaintiff's in determining that the requisite $75,000 minimum had been established). Importantly, "[a] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Payne*, 154 F. Supp. 3d at 1313 (internal quotation marks omitted). Courts have awarded compensatory damages in cases involving pregnancy discrimination claims well in excess of the jurisdictional amount required. *See, e.g.*, *Mercado v. Regents Park At Aventura Inc. D/B/A Regents Park At Aventura A/K/A Regents Park*, 2014 WL 7536550 (Fla. Cir. Ct. Nov. 12, 2014) (alleged termination due to pregnancy; verdict $204,000, reduced by judge to $179,000); *Guadalupe Juarez v. Tornado Bus Company*, 2013 WL 8086131 (M.D. Fla. Oct. 2, 2013) (alleging defendant discriminated against plaintiff based on sex and/or pregnancy in violation of Title

VII and the FCRA and retaliated against her for filing a charge of discrimination with the EEOC; verdict after court's reduction due to statutory caps: $200,000 in compensatory damages under the FCRA; $200,000 in punitive damages under Title VII; and $100,000 in punitive damages under the FCRA); *Lisa M. Holland v. David A. Gee*, 2010 WL 9446050 (M.D. Fla. July 29, 2010) (plaintiff claimed she was terminated based upon pregnancy; verdict $90,000 ($80,000 for emotional distress; $10,000 for lost wages)); *Maria E. Benitez v. University of Miami*, 2006 WL 7070061 (Fla. Oct. 11, 2006) (plaintiff alleged retaliatory firing for complaining to EEOC she was discriminated against for taking maternity leave; jury awarded plaintiff $201,000 ($56,000 for lost earnings; $45,000 for pain and suffering; $100,000 for punitive damages)).

23. Thus, to the extent Plaintiff purports to seek emotional distress damages, $25,000.00 for emotional pain and suffering is a very conservative estimate to include in the amount in controversy calculation.

**PUNITIVE DAMAGES**

24. Under the FCRA, Plaintiff may seek punitive damages of up to $100,000 as a potential remedy. *See* Fla. Stat. § 760.11(5). As the court ruled in *Cunningham Lindsey U.S.*, "[w]hen determining the jurisdictional amount in controversy in diversity cases, *punitive damages must be considered, . . . unless it is apparent to a legal certainty that such cannot be recovered*." *Id.* at *16 (internal quotation marks omitted; emphasis added). As in *Cunningham Lindsey U.S.,* nothing in Plaintiff's Complaint "indicates that she is seeking less than the maximum allowable amount of punitive damages." *Id.* at *17.

**ATTORNEYS' FEES**

25. Additionally, Plaintiff seeks to recover attorneys' fees and costs. It is well settled in the Eleventh Circuit that "[w]hen a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.* 228 F.3d 1255, 1265 (11th Cir. 2000).

26. Plaintiff's counsel could be expected to expend at least 200 hours prosecuting this case, which would include multiple witness depositions, drafting and answering discovery, time spent briefing oppositions to Defendant's Motion for Summary Judgment and preparing for and attending a multiple day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least $50,000 in attorneys' fees. Adding Plaintiff's claim for attorneys' fees, which are recoverable under the FCRA, to the amount in controversy calculation, there is no question the amount in controversy significantly exceeds $75,000.00. *See Penalver*, 2012 WL 1317621 at *3 (including reasonable attorney's fees in amount of controversy calculation).

27. Because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states, the District Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a). Thus, this case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

IV.   **NOTICE AND TIMELINESS**

28. Finally, this Notice of Removal has been given to Plaintiff and has been promptly filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Osceola County. A copy of the Notice of Filing Notice of Removal is attached hereto as

**Exhibit "B."**

29. The required filing fee of $400.00 and an executed civil cover sheet accompany this Notice.

WHEREFORE, Walmart respectfully removes this action, pending in the Ninth Judicial Circuit Court of Osceola, Florida to the United States District Court in the Middle District Court of Florida, Orlando Division.

Dated this 9th day of July, 2020　　　　　　Respectfully submitted,

LITTLER MENDELSON, P.C.
111 North Orange Avenue, Suite 1750
Orlando, Florida 32801
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

By:　　*/s/ Kimberly J. Doud*
　　　　Kimberly J. Doud, Esquire
　　　　Florida Bar No.: 523771
　　　　Email: kdoud@littler.com

　　　　Allison Wiggins Esquire
　　　　Florida Bar No.: 105733
　　　　Email: awiggins@littler.com

　　　　Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to the following: Michael Bryan Sanchez, Esquire, The Pcndas Law Finn, 625 E. Colonial Drive, Orlando, Florida 32803; email: Msanchez@pcndaslaw.com.

　　　　　　　　　　　　　　　　　*/s/ Kimberly J. Doud*
　　　　　　　　　　　　　　　　　Kimberly J. Doud, Esquire

4816-1026-0674.1 080000.4107