IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR OSCEOLA COUNTY, FLORIDA

STEPHANIE PIAZZA-NIEVES

    Plaintiff,

CASE NUMBER: 2020-CA-1475-OC

vs.

WAL-MART STORES EAST, LP

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, STEPHANIE PIAZZA-NIEVES, and sues Defendant, WAL-MART STORES EAST, LP, (hereinafter "WALMART"), and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceeds $30,000.00 exclusive of interest, costs and attorney fees, for violations of the Florida Civil Rights Act of 1992, as amended ("FRCA") Fla. Stat. 760.01 *et seq.* and violation of Fla. Stat. §92.57.

2. At all times material hereto, Defendant, WALMART, is a Foreign Limited Partnership authorized to and doing business in Osceola County, Florida.

3. At all times material hereto, Plaintiff STEPHANIE PIAZZA-NIEVES was and is a resident of Osceola County, and worked for the Defendant in Osceola County, Florida. All events giving rise to this action took place in Osceola County, Florida.

4. At all times material to this case, Defendant, WALMART, owned, leased, or otherwise controlled, and employed individuals at a business located at 4280 W Vista Ct, Kissimmee FL, 34746.

5. That at all times material to this case, Defendant, WALMART, was and is liable for the actions of its employees, agents, servants and/or independent contractors.

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, Defendant discriminated, harassed and against and retaliated against Plaintiff based on her sex, and pregnancy in violation of the FCRA.

7. This is also an action to recover damages from Defendant as a result of their violation of Fla. Stat. §92.57.

8. At all-time material hereto, Plaintiff was an employee of Defendant.

9. At all times material hereto, Defendant employed more than 15 employees. Thus Defendant is an employer with the meaning of the FCRA, Fla. Stat. 760.02(7).

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff request a jury trial for all issues so triable.

## FACTS

13. Plaintiff began working for Defendant on or around June 20, 2013.

14. Plaintiff performed her job for which she was hired in a satisfactory manner.

15. Plaintiff at the time of her discrimination and harassment, Spring and Summer of 2018, was a female and pregnant.

16. Plaintiff's pregnancy was known by Walmart and the Store Manager, Josandi Bautista at the time of Plaintiff's discrimination and harassment.

17. Plaintiff is a member of a protected class based on her sex and pregnancy, and as such benefits from the protections of the FCRA.

18. Plaintiff was subjected to disparate treatment including working extra hours, working extra duties not within Plaintiff's work description, accusations of not working hard enough, doing work duties other pregnant employees were not required to perform, using Walmart's absentee and tardy policies arbitrarily and unfairly when compared to other Walmart employees, because of Plaintiff's sex, and pregnancy.

19. Plaintiff reported her discrimination and harassment on July 6, 2018 to Walmart's Global Ethics Department, however this report was ignored by Walmart.

20. On June 14, 2019 the State of Florida issued a Witness Subpoena to STEPHANIE PIAZZA-NIEVES in the case of State of <u>Florida v. Chase Allen Teller,</u> Case No.: 49-2018-CF-001261.

21. The Witness Subpoena required Plaintiff to be "On Call" for Tuesday August 28, 2018.

22. Walmart fired Plaintiff because of her absence on August 28, 2018.

## COUNT I-FCRA VIOLATION (DISCRIMINATION)

23. Plaintiff re-alleges and readopts the allegation set forth in paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. Plaintiff is a member of a protected class under FCRA.

25. Plaintiff was subject to disparate treatment on account of her sex, and pregnancy.

26. Defendants actions were willful and done with malice.

27. Plaintiff was injured due to Defendants violations of the FCRA for which she is entitled to relief.

WHEREFORE, Plaintiff demands a jury trial on all issues so triable; that process issue and this court takes jurisdiction over this case; compensation for lost wages, benefits, and other

remuneration; Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay; Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits any other compensatory damages, including emotional distress, allowable at law; Punitive damages; prejudgment interest on all monetary recovery obtained; all costs and attorney's fees incurred in prosecuting these claims; and any other relief this court deems just and equitable.

## COUNT II-FCRA VIOLATION (HARASSMENT)

28. Plaintiff re-alleges and readopts the allegation set forth in paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

29. Defendant harassed Plaintiff because of her sex, and pregnancy.

30. Defendant's harassment cause Plaintiff's termination.

31. Defendant's actions were willful and done with malice.

32. Defendant's took material adverse action against Plaintiff in terminating her employment.

33. Plaintiff was injured due to Defendants violation of the FCRA for which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff demands a jury trial on all issues so triable; that process issue and this court takes jurisdiction over this case; compensation for lost wages, benefits, and other remuneration; Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay; Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits; any other compensatory damages, including emotional distress, allowable at law; punitive damages; prejudgment interest on all

monetary recovery obtained; all costs and attorney's fees incurred in prosecuting these claims; and any other relief this court deems just and equitable.

## COUNT III-FLA. STAT. §92.57 VIOLATION (TERMINATION)

34. Plaintiff re-alleges and readopts the allegation set forth in paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

35. . Plaintiff was employed by Walmart at the time the State Attorney's office served her with a Witness Subpoena.

36. Plaintiff Complied with the State Attorney's Witness Subpoena on Tuesday August 28, 2018.

37. Plaintiff's compliance with the duly issued Witness Subpoena caused Plaintiff to be absent from work on August 28, 2018.

38. Plaintiff's absence from work on August 28, 2018 caused her to be terminated from WALMART on September 2, 2018.

WHEREFORE, Plaintiff demands a jury trial on all issues so triable; that process issue and this court takes jurisdiction over this case; compensation for lost wages, benefits, and other remuneration; Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay; Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits; any other compensatory damages, including emotional distress, allowable at law; Punitive damages; prejudgment interest on all monetary recovery obtained; all costs and attorney's fees incurred in prosecuting these claims; and any other relief this court deems just and equitable.

RESPECTFULLY SUBMITTED on this 2nd day of June, 2020.

By: */s/ Michael Bryan Sanchez, Esq.*
**Michael Bryan Sanchez, ESQ. (FBN: 105601)**
The Pendás Law Firm
625 E. Colonial Drive
Orlando, Florida 32803
Tel: 407-352-3535
Fax: 407-770-6066
Attorney for the Plaintiff
Msanchez@pendaslaw.com