UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHANIE PIAZZA-NIEVES,

    Plaintiff,                                CASE NO: 6:20-cv-01224-ACC-LRH

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## PLAINTIFF'S MOTION FOR REMAND

Plaintiff, Stephanie Piazza-Nieves, moves, this court pursuant to 28 U.S.C. §1447 to remand this matter to the Ninth Judicial Circuit in and for Osceola County, Florida and in support states:

1. On June 3, 2020, Plaintiff filed a Complaint in the Ninth Judicial Circuit in and for Osceola County, Florida, Civil Division, styled, *STEPHANIE PIAZZA-NIEVES vs. WAL-MART STORES EAST, LP*, Case Number 2020-CA-1475-OC ("State Court Action").

2. Plaintiff's discrimination and termination claims arise under Florida law specifically, sections 760.01, and 92.57, Fla. Stat. These claims arise out of Plaintiff's employment with Wal-Mart Stores East, LP ("Wal-Mart"). Plaintiff's causes of actions arise neither from a federal statute, nor present a federal question.

3. Plaintiff's Complaint alleges damages that exceeds $30,000. See Compl. (Doc #1 Ex. #3 ¶ 1).

4. On June 10, 2020 Wal-Mart was served with Plaintiff's Complaint.

5. On July 9, 2020, Defendant Wal-Mart, filed a Notice of Removal with the Middle District of Florida.

6. Plaintiff concedes diversity among the parties exists as of July 9, 2020, but Plaintiff does not concede the jurisdictional amount in controversy has been satisfied.

**MEMORANDUM**

A removing party must prove the amount in controversy by a preponderance of the evidence. The jurisdictional amount in controversy is determined at the time of removal. Removal from state court is not appropriate in this matter. The standard and the amount in controversy are discussed below.

**I.     Preponderance of the Evidence is the Correct Standard.**

Defendant has not proved the jurisdictional amount of $75,000.00 by the preponderance of the evidence. Plaintiff's Complaint does not allege the requisite jurisdictional amount of $75,000.00. Defendant relies upon 28 U.S.C §1446 (c)(2)(a) to assert, the jurisdictional amount in their Notice for Removal. The federal statutes governing Defendant's Notice of Removal states, in part:

> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, <u>by the preponderance of the evidence</u> that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446 (c)(2)(B) (Emphasis added).

> Federal courts have original jurisdiction over actions in which complete diversity exist between the parties and the amount in controversy exceeds $ 75,000.00.

28 U.S.C. §1332(a).

When, as here, damages are not specified in the state court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy

more likely than not exceeds ... the jurisdictional requirement." *Albritton v. Geovera Specialty Ins. Servs., Inc.*, 961 F. Supp. 2d 1220, 1221 (M.D. Fla. 2013), Citing, *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061(11th Cir. 2010). The removing party, bears the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001). A defendant's right to remove an action against it from state to federal court is created and defined by statute, and removal statutes are strictly construed." *King v. Gov't Emp. Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014) (citations omitted). "All doubts about the propriety of removal should be resolved in favor of remand." *King,* 579 F. App'x at 800; *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (holding "removal jurisdiction raises significant federalism concerns" and doubt as to "jurisdiction should be resolved in favor of remand to state court"). A Defendant who asserts an amount in controversy exceeds $75,000.00 under 28 U.S.C §1446 (c)(2)(a), must prove the jurisdictional amount <u>by a preponderance of the evidence</u>. Further, Federal courts are courts of limited jurisdiction, and all doubt as to jurisdiction should be resolved in favor of remand.

Defendant, argues a removing party "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not submit evidence in support thereof." See Def. Not. (Doc #1 Ex. #1 ¶ 15). In support of this position, Defendants cites to *Dart Cherokee Basin Operating Co., LLC v. Owens* 135 S.Ct. 547, 554 (2014). But Dart is easily distinguishable from the facts here. In *Dart*, the Supreme Court addressed removal of class actions under the Class Action Fairness Act of 2005 ("CAFA"). CAFA amends the federal diversity jurisdiction statute, 28 U.S.C. § 1332, by inserting a new subsection, § 1332(d). This new subsection works a sea change in diversity jurisdiction for certain class actions. It broadens diversity jurisdiction by establishing lower threshold requirements for jurisdiction and abrogating

3

long-established precedent." Lowery v. Alabama Power Co., 483 F.3d 1184, 1193 (11th Cir. 2007). As this case is not a class action, Wal-Mart's Reliance on *Dart* is misplaced.

Specifically, Dart only lowered the removal requirements in matters implicating 28 U.S.C. § 1332(d). Recent rulings have followed the preponderance of the evidence standard set forth in 28 U.S.C. § 1446 (c)(2)(B). *See*, *Stern v. First Liberty Ins. Corp.*, 424 F. Supp 3d 1264 (S.D. Fla. 2020) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement); *Bender v. GEICO Gen. Ins. Co.*, No. 8:17-CV-872-T-33TBM, 2017 WL 1372166, at 1 (M.D. Fla. Apr. 17, 2017); (When damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by preponderance of the evidence.)

The case at bar is not a class action, nor has defendant removed this matter pursuant to 28 U.S.C. § 1332(d). Wal-Mart, removed this case under 28 U.S.C. § 1332(a), and 28 U.S.C §1446 (c)(2)(a). Therefore, Wal-Mart must prove the jurisdictional amount by a preponderance of the evidence.

## II. The Jurisdictional Amount in Controversy Has Not Been Proven by The Preponderance of the Evidence.

The evidence put forth in Defendant's Notice of Removal are inadequate for removal. Where it is not "facially apparent" from the state court complaint that the amount in controversy is satisfied, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds...the jurisdictional requirement." *Roe v. Michelin*, 613 F.3d 1058, 1060–61 (11th Cir. 2010) (internal citation and quotation marks omitted); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007); *Williams v.*

*Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). To meet their burden, defendants may offer additional evidence to demonstrate that removal is proper. *Roe,* 613 F.3d at 1061. Courts combine defendants' evidence with "judicial experience and common sense" to determine whether removal is proper. *Id.* at 1064. But "all doubts about jurisdiction [are] resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

As mentioned above, Plaintiff's Complaint seeks damages in excess of $30,000.00, not $75,000.00. Removal based on Plaintiff's Complaint is not facially apparent. Typically, in cases where a Complaint does not allege an amount in excess of $75,000.00 the removing party will introduce a pre-suit demand, emails, or other discovery to meet the preponderance of the evidence standard. This type of evidence is missing in Defendant's Notice of Removal.

Instead, Defendant puts forth conclusory and speculative statements about lost wages owed at the <u>time of trial</u>, or the amount of attorney fees possibly owed at the time of trial, <u>not at the time of removal</u> or, relying upon outside jury verdicts to assess the posable value of this lawsuits compensatory damages. The assertions in Defendants Notice of Removal do not overcome their burden in establishing the jurisdictional amount of $75,000.00. Each group of damages highlighted in Defendants Notice of Removal is discussed in more depth below.

A. <u>ATTORNEY FEES</u>

Attorney's fees are tabulated at the time of removal, not through trial. As stated by Judge Conway of this honorable court, "When determining whether the amount in controversy requirement is satisfied, the undersigned Judge declines to speculate as to potential attorney's fees through resolution of the case at trial but considers only those attorney's fees incurred as of the time of removal." *See Montanez v. Integon Indem. Corp.*, No. 6:15-CV-25-ORL-22KRS (M.D.

Fla. Apr. 1, 2015) (Doc. 20 at 5) (Conway, J.). *Pearce v. Integon Preferred Ins. Co.*, No. 618CV1852ORL22KRS, 2019 WL 5294947, at 5 (M.D. Fla. Jan. 3, 2019). Contrary to Defendant's position that attorney's fees should be calculated through a fictitious and arbitrary trial date, Judge Conway has ruled when measuring the value of attorney's fee in the context of removal, the court only considers the amount of attorney's fees at the time of removal.

Defendant speculates the undersign will accrue at least $50,000.00 in attorneys' fees in prosecuting this case through trial. See Def. Not. (Doc #1 Ex. #1 ¶ 26). However, as of July 9, 2020, the date of removal, the undersigned has spent less than two hours drafting the Complaint and Discovery. Using Defendant's hourly rate of $250, the Court could properly count $500.00 towards the jurisdictional threshold of $75,000.00. Attorney's fees at the time of removal is not a significant driver of value in determining the amount in controversy.

B. LOST WAGES

Lost wages should be calculated from the time of termination until the date of removal. In the Middle District of Florida there is a split in opinions on whether back pay should be calculated through removal, trial, or judgment. *See*, *Balkum v. Pier 1 Imports (U.S.), Inc.*, No. 617CV1299ORL37DCI, 2017 WL 3911560, at *2 (M.D. Fla. Sept. 7, 2017) (Judge Dalton). In *Balkum* the court held the following, "this Court calculates back pay only through the date of removal and not through a later, speculative date. The fact that courts may use "deduction, inference, or other extrapolation" in determining the AIC, (citations omitted) does not lend support for throwing a dart at a future trial calendar— assuming the case will actually be tried, or disregarding the almost certain evidence of mitigation of wage loss damages. As such, only back pay in the amount of $8,455 will be counted toward the AIC." *Balkum at 2*. If lost wages are

calculated through the date of removal, at the rate and time period offered by Defendant, a total of $44,332.40 should be counted towards the jurisdictional amount of $75,000.00.

### C. COMPENSATORY DAMAGES

Defendant's calculation of $25,000.00 in compensatory damages are speculative, not supported by evidence, and does not adequately explain why the jury verdicts cited would be awarded in the case at bar. "The Eleventh Circuit has questioned whether general evidence as to the value of tort claims in other suits "is ever of much use in establishing the value of claims in any one particular suit." *Lowery*, 483 F.3d at 1121. That is especially true where the party seeking to establish diversity jurisdiction does not provide supporting information, such as facts explaining the amount of potential compensatory damages or similarities to other cases. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (stating that conclusory allegations in a notice of removal with unsupported assumptions, such as that similar fraud cases awarded damages in excess of the jurisdictional threshold, were insufficient). Simply stating that other cases have surpassed the jurisdictional threshold, without more, is insufficient. *Federated Mut. Ins. Co. v. McKinnon Motos, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) (concluding that the plaintiff did not meet his burden of establishing his claim satisfied the amount in controversy requirement where the plaintiff did no more than cite to what has happened in past cases); *Nelson v. Black & Decker (U.S.), Inc.*, No. 8:16-cv-869-T-24JSS, 2015 WL 12259228, at 2 (M.D. Fla. Aug. 31, 2015) (stating that the defendants did not meet their burden of establishing the amount in controversy where they failed to cite to jury verdicts involving injuries similar to those involved in the case before the court)." *Blaney v. Aimbridge Hosp., LLC*, No. 8:17-CV-1542-T-36JSS, 2017 WL 10277121, at 5 (M.D. Fla. Aug. 7, 2017).

7

Defendant's Notice of Remand uses jury verdicts in an attempt to assign value to this case, but they do not adequately tie the facts of this case to the ones cited. Further, as mentioned in Lowery, jury verdicts related to one case are of little help in valuing another claims. Without more evidence or detail, linking this case factually to the cited jury verdicts the Court should not consider any amount of compensatory damages in its threshold calculation, as it is tantamount to speculation. Defendant is required to prove the jurisdictional amount by the preponderance of the evidence, and their attempts at linking outside jury verdicts to this case is lacking, and does not raise to the level required to meet their burden.

D. PUNITIVE DAMAGES

Defendant does not provide any evidence to support their contention of $100,000.00 in punitive damages should be used in valuing the amount in controversy. Defendant simply states the Florida Civil Rights Act allows up to 100,000.00 in punitive damages and that amount should be used in valuing the jurisdictional amount in controversy. Further, Defendants have not met their burden of proving an amount of punitive damages. "A mere request for punitive damages, which may reach a statutory maximum of $100,000, does not merit a finding that the amount in controversy has been met." *Vanterpool v. Amazon.com.Dedc, LLC*, No. 8:17-CV-1347-T-33MAP, 2017 WL 2609551, at 3 (M.D. Fla. June 16, 2017). "Rather than proving jurisdictional facts, Northern simply points out that the complaint in this case includes a request for punitive damages. Following Norther's logic, every Florida Civil Rights Act case filed in state court containing a request for punitive damages would automatically meet the jurisdictional minimum for removal to federal court. That result would be untenable." *Boyd v. N. Trust Co.*, No. 8:15–cv–2928–T–33TBM, 2016 WL 640529, at 4 (M.D. Fla. Feb. 18, 2016). Simply asserting the FCRA allows for $100,000.00 in punitive damages is not enough to meet the preponderance of the

evidence standard mandated by statute, and case law. There is no evidence put forth regarding punitive damages. Thus Defendant's estimation of punitive damages are speculative and should not enter the Court's calculation in determining if the jurisdictional amount of $75,000.00.

## **CONCLUSION**

Defendant has the burden of proving the jurisdictional amount by the preponderance of the evidence pursuant to 28 U.S.C. §1446 (c)(2)(B). Defendant's Notice of Removal asserts the jurisdictional amount is satisfied, but does not include any evidence to establish the amount in controversy. Defendant relies on conclusory statements in an attempt to make Plaintiff's Complaint exceed the jurisdictional amount. The categories of attorneys; fees and back pay may have enough supporting evidence to meet the preponderance of the evidence standard. However, these categories alone only amount to $44,832.40. This amount is significantly less than the jurisdictional threshold of $75,000.00. Case law not only favors remand, but demands remand if any doubt about jurisdiction exist. Remand to state court is proper, as Defendant has not met its burden in proving the jurisdictional amount in controversy of $75,000.00.

WHEREFORE, Plaintiff, STEPHANIE PIAZZA-NIEVES, requests this Honorable Court to Remand this action to state court.

## **CERTIFICATE OF COMPLAINCE WITH LOCAL RULE 3.01(g)**

Counsel for the Plaintiff certifies that they conferred with opposing counsel in good faith prior to the filing of this motion. Counsel for the parties could not agree on the resolution of the motion as opposing counsel stated it would oppose any effort to remand this action to state court.

9

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that on **July 23, 2020**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kimberly J. Doud Esq., Allison Wiggins Esq., Littler Mendelson, P.C. 111 N. Orange Ave. Suite 1750 Orlando, Florida 32801; Email: Kdoud@littler.com, Awiggins@littler.com.

                /s/ **Michael Sanchez**_____
**Michael Bryan Sanchez Esq. (FBN: 106176)**
**THE PENDAS LAW FIRM**
**625 E. Colonial Drive**
**Orlando, Florida 32803**
Tel. 407-352-3535
Attorneys for the Plaintiff
Msanchez@pendaslaw.com; lcruz@pendaslaw.com